IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DEANDRE CAVANESS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 17−cv–1195−NJR |
| BLIVINGSTON, | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff DeAndre Cavaness, an inmate in Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly occurred at Menard Correctional Center. Plaintiff seeks monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

1

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff originally filed this suit on May 8, 2017, in case No. 17-cv-480-SMY-RJD. On October 31, 2017, the Court severed the case because it found some of the claims to be unrelated. (Doc. 1). The claims in this case relate solely to Blivingston.

Plaintiff alleges that he reported to Blivingston that he had been electrocuted by two live wires in his cell because the cover to the electrical socket had been removed. (Doc. 2, pp. 3, 8). Blivingston then told Plaintiff he would write Plaintiff a ticket if he did not touch the wires again. *Id*. Blivingston neglected to get Plaintiff medical attention. *Id*.

**Discussion**

The severance order designated two counts for this case:

**Count 5:** Blivingston violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by telling him to touch live electric wires after they had already electrocuted him in order to avoid a false disciplinary ticket;

**Count 6**: Blivingston showed deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by failing to provide him with medical care, or seek medical attention for him, after he was electrocuted by live wires.

As to Plaintiff's **Count 5**, the Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is objectively sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,'" and

2

(2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

Prison officials demonstrate deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff has alleged that was exposed to live wires in his cell. Other cases to consider this scenario have assumed that live wires can constitute a safety risk. *See e.g.*, *Hoddenbach v. Nelson*, 92 C 8333, 1995 WL 314572 at *4 (N.D. Ill. May 22, 1995). The Court will therefore presume at the pleading stages that Plaintiff has adequately articulated an excessive risk to his health or safety. Moreover, Plaintiff has alleged that Blivingston not only knew about the live wires, but specifically gave Plaintiff an order to touch them, causing Plaintiff injury. Such conduct suggests that Blivingston was deliberately indifferent to the risk of harm. This is sufficient to state a claim under the Eighth Amendment, and **Count 1** will proceed.

Likewise, Plaintiff has alleged that Blivingston failed to get him medical treatment after he touched the live wires. In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious

harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

It is unclear exactly what injuries Plaintiff suffered as a result of his contact with the wires, but he has alleged that he was in need of medical treatment, and that, in lieu of providing it, Blivingston acted to cause him additional pain. This is an adequate allegation that Blivingston was deliberately indifferent to Plaintiff's serious medical needs, and **Count 6** will also proceed in this litigation.

**Pending Motions**

All of Plaintiff's pending Motions (Docs. 4, 5, and 10) will be addressed by Magistrate Judge Donald G. Wilkerson in due course.

**Disposition**

**IT IS HEREBY ORDERED** that **Counts 5 and 6** survive threshold review against Blivingston.

The Clerk of Court shall prepare for Defendant Blivingston: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-

known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: January 30, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**